[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13043
Non-Argument Calendar
_____

D.C. Docket No. 8:16-cv-03361-JSM-JSS

PHOENIX ENTERTAINMENT PARTNERS,
LLC,
a North Carolina LLC,

Plaintiff-Appellant,

versus

CASEY ROAD FOOD AND BEVERAGE, LLC,
d.b.a.
Bucket's Tavern and Tap,

Defendant,

KEVIN BURKE,
d.b.a.
Mystic Entertainment,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 13, 2018)

Before ED CARNES, Chief Judge, JULIE CARNES, and HULL Circuit Judges.

PER CURIAM:

Phoenix Entertainment Partners, LLC brought this Lanham Act case against Kevin Burke, a karaoke disc jockey.[1]  The district court dismissed the case, and Phoenix appealed, contending that it sufficiently pleaded claims for service mark infringement, 15 U.S.C. § 1114, and unfair competition, id. § 1125.

## I.

In reviewing a district court's order dismissing a case under Federal Rule of Civil Procedure 12(b), we accept as true the allegations in the complaint and recite the facts in the light most favorable to Phoenix.  Duty Free Ams., Inc. v. Estee Lauder Cos., Inc., 797 F.3d 1248, 1262 (11th Cir. 2015).

Phoenix owns the federally registered mark, SOUND CHOICE, as it is used for selling karaoke accompaniment tracks and for conducting karaoke shows. Karaoke accompaniment tracks play during karaoke performances, providing background music and displaying each song's upcoming lyrics to performers and the crowd.  Phoenix originally released its Sound Choice tracks on compact discs, not on hard drives or through internet downloads, but advances in technology have made it possible to shift the tracks from discs to computer hard drives.  A digital

---

[1] Phoenix also brought trademark infringement claims against one of Burke's clients, Casey Road Food and Beverage, LLC.  Casey and Phoenix settled before the court granted Burke's motion to dismiss.

2

copy of a Sound Choice track retains all of the original track's information, so when a user plays the copied track, the Sound Choice mark is broadcast along with the other graphics.

Burke is a karaoke DJ who provides karaoke entertainment services to various venues, such as restaurants and bars. During his shows he serves as emcee and uses computer software to play karaoke accompaniment tracks, including tracks that are embedded with the Sound Choice mark.

Phoenix alleges that those tracks are "pirated" or unauthorized copies, and it filed this suit claiming that Burke engaged in service mark infringement, 15 U.S.C. § 1114(1)(a), and unfair competition, id. § 1125(a), by displaying Phoenix's Sound Choice mark during his shows.[2] Burke moved to dismiss the case, and the court granted his motion, finding that Phoenix's claims sound in copyright law, not trademark. This is Phoenix's appeal.

II.

We review de novo a district court's order dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). Duty Free, 797 F.3d at 1262. "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[2] Phoenix also brought claims against Burke for goods-based trademark infringement and trade dress infringement. Phoenix voluntarily waived the goods-based infringement claim. And it does not contest the district court's resolution of the trade dress claim, so that issue is abandoned. See AT&T Broadband v. Tech Commc'ns., Inc., 381 F.3d 1309, 1320 n.14 (11th Cir. 2004).

accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation marks omitted). That means that Phoenix must plead sufficient facts for "the court to draw the reasonable inference that [Burke] is liable for the misconduct alleged." Id.

Phoenix contends that it has properly pleaded claims for service mark infringement and unfair competition. To plead a valid claim for service mark infringement, Phoenix must allege that Burke uses the Sound Choice mark in the "sale, distribution, or advertising" of his services and that his "use is likely to cause confusion." 15 U.S.C. § 1114(1)(a). And for unfair competition Phoenix must allege that Burke's use "is likely to cause confusion" about an "affiliation, connection, or association" between Phoenix and Burke's services or about the "the origin, sponsorship, or approval" of his services by Phoenix. Id. §1125(a)(1). The only disputed issue under both claims is whether Phoenix has alleged facts that, if true, show a likelihood of consumer confusion. See Savannah Coll. of Art and Design, Inc. v. Sportswear, Inc., 872 F.3d 1256, 1261 (11th Cir. 2017) ("We, like other circuits, often blur the lines between § 1114 claims and § 1125 claims because recovery under both generally turns on the confusion analysis.").

The Ninth and Seventh Circuits have ruled on similar claims by Phoenix and found them unpersuasive. See Slep-Tone Entm't Corp. v. Wired for Sound Karaoke and DJ Servs., LLC, 845 F.3d 1246, 1250 (9th Cir. 2017); Phoenix Entm't

4

Partners, LLC v. Rumsey, 829 F.3d 817, 830–31 (7th Cir. 2016).[3]  Although we are not bound by the holdings of other circuits, see Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981), we find the reasoning in those cases persuasive and agree that Phoenix has not alleged valid claims under the Lanham Act.

Phoenix does not assert that Burke uses the Sound Choice mark to advertise his services or that Burke displays the mark other than as part of the accompaniment tracks in which it is embedded.  Even if, as Phoenix claims, the Sound Choice mark is displayed multiple times each show (in association with many different songs), it's unclear how that display does more than identify Phoenix as the source of those individual tracks.[4]  Unless Burke uses the Sound Choice mark outside of those tracks, consumers are not likely to be confused about an association, sponsorship, or affiliation between Phoenix and Burke's DJ business, or to be confused about the, sponsorship, or approval of his services by Phoenix.  See Dastar Corp. v. Twentieth Century Fox Film Corp., 539 U.S. 23, 32–

---

[3] By assignment Phoenix succeeded Slep-Tone Entertainment Corporation in all interest in the Sound Choice brand.  For ease of reference, we refer to both as Phoenix.

[4] The Seventh Circuit compared the display of the Sound Choice mark before each song to the use of a film production studio's mark before a movie (for example, the Metro-Goldwyn-Mayer Studios' roaring lion).  See Rumsey, 829 F.3d at 829.  As the court explains, "[w]hen the copyright on [a film] expires, enabling any member of the public to copy and use the work without license, it is not a trademark violation simply to display the work without first deleting the mark that was inserted into its content."  Id.  When a theater patron watches the uncopyrighted film at a theater, "there is no risk that [they] might think that [the studio] is sponsoring or endorsing the performance" as long as the studio's "mark is not overtly used to market the performance."  Id. at 830.

33, 123 S. Ct. 2041, 2047 (2003) ("The words of the Lanham Act should not be stretched to cover matters that are typically of no consequence to purchasers."); Crystal Entm't & Filmworks Inc. v. Jurado, 643 F.3d 1313, 1323 (11th Cir. 2011) ("The touchstone of liability in a trademark infringement action is not simply whether there is unauthorized use of a protected mark, but whether such use is likely to cause consumer confusion.") (quotation marks omitted and alterations accepted); see also Rumsey, 829 F.3d at 829 ("That the Sound Choice mark is embedded in the creative content of the karaoke track and is visible to the public whenever the track is played does not falsely suggest that [Phoenix] is endorsing the performance, as the plaintiffs have alleged.").

At most patrons are likely to be confused about whether Phoenix authorized Burke to copy and use its accompaniment tracks. But the unauthorized copying and display of a creative work is a copyright claim, not a trademark claim. See Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 432–33, 104 S. Ct. 774, 784 (1984) ("[T]he Copyright Act grants the copyright holder 'exclusive' rights to use and to authorize the use of his work in five qualified ways, including reproduction of the copyrighted work in copies."). And a trademark claim cannot serve as a vehicle for what is really a copyright claim. See Dastar Corp., 539 U.S. at 34, 123 S. Ct. at 2048 (2003) ("[I]n construing the Lanham Act, we have been careful to caution against misuse or over-extension of trademark and

6

related protections into areas traditionally occupied by patent or copyright.")
(quotation marks omitted); see also Wired for Sound, 845 F.3d at 1250 (concluding
that Phoenix's "claim is more accurately conceived of as attacking the
unauthorized copying, [and] Dastar requires us to avoid recognizing a 'species of
mutant copyright law' by making such claims cognizable under the Lanham Act");
Rumsey, 829 F.3d at 824 (same).

Because the display of individual tracks embedded with the Sound Choice
mark is not likely to confuse consumers about Burke's DJ services, the district
court did not err by granting Burke's motion to dismiss Phoenix's claims.

**AFFIRMED.**